**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ARTURO BAILEY,

       Petitioner,

v.

       Case No.: 04-73018
       Cr. Case No.: 01-80929-1
       HONORABLE VICTORIA A. ROBERTS

UNITED STATES OF AMERICA,

       Defendant.

**ORDER DENYING MOTION**

**I.   INTRODUCTION**

This matter is before the Court on Petitioner's motion to modify or vacate his sentence pursuant to 28 U.S.C. § 2255 [Doc. 33].  For the reasons stated, the Court DENIES Petitioner's motion.

**II.   BACKGROUND**

On September 3, 2002, Petitioner pled guilty to one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841.[1]  Petitioner's offense level under the United States Sentencing Guidelines was 25.  The offense level included a two level increase for possession of a firearm during the offense[2] and a three level reduction for acceptance of responsibility.  Petitioner's guideline range was 70-87 months.  On January 21, 2003, the Court sentenced Petitioner to a 70-month term of

---

[1] Petitioner was initially indicted on November 8, 2001, on two charges: (1) possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841 and (2) being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

[2] A semi-automatic handgun was found underneath the bed in a basement bedroom alleged to be Petitioner's.

imprisonment. No direct appeal was filed. Defendant filed this motion pursuant to 28 U.S.C. § 2255 on August 3, 2004.

### III. APPLICABLE LAW AND ANALYSIS

Pursuant to 28 U.S.C. § 2255:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

"To warrant relief under [28 U.S.C. §] 2255, a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial or injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003).

### A. Petitioner's Motion Is Denied as Untimely

Petitioner asserts that the Court violated his Sixth Amendment right to a trial by jury in imposing a two level enhancement to his offense level for use of a gun in the commission of a drug crime. Petitioner asserts that his motion is timely because it was filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and

made retroactively applicable to cases on collateral review." Pet. Br. Supp. Mo. at 5.

The Sixth Circuit held that the Supreme Court's decision in *United States v. Booker*, 160 L. Ed. 2d 621, 125 S. Ct. 738 (2005), which now covers Petitioner's claim filed in August 2004, does not apply retroactively to cases already final and challenged on collateral review. *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005). Petitioner's sentence became final one year and ten days after his sentence (i.e., January 31, 2004). *See Sanchez-Castellano v. United States*, 358 F.3d 424, 426-427 (6th Cir. 2004). Therefore, the Court must DENY Petitioner's motion as untimely.

## IV. CONCLUSION

For the reasons stated, the Court DENIES Petitioner's Motion to modify or vacate his sentence under the terms of 28 U.S.C. § 2255.

**IT IS SO ORDERED.**

**S/Victoria A. Roberts**
**Victoria A. Roberts**
**United States District Judge**

Dated: April 19, 2005

---

The undersigned certifies that a copy of this document was served on Arturo Bailey by U.S. Mail on April 19, 2005.

s/Carol A. Pinegar
Deputy Clerk

---

Page 3 of 3