UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTURO BAILEY,

       Petitioner,

v.

       Case No.: 04-73018
       Cr. Case No.: 01-80929-1
       HONORABLE VICTORIA A. ROBERTS

UNITED STATES OF AMERICA,

       Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION FOR A CERTIFICATE OF APPEALABILITY

Petitioner seeks a certificate of appealability to challenge this Court's denial of his motion to modify or vacate his sentence. *See Bailey v. United States*, Civ. No. 04-73018, Cr. No. 01-80929-1, ("Order Denying Motion") (E.D. Mich. Apr. 19, 2005). Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. 28 U.S.C. 2253(c)(1)(A); Fed. R. App. P. 22(b). The Court must either issue a certificate of appealability indicating which issues satisify the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

In the certificate of appealability context, "where a district court has rejected the [prisoner's] constitutional claims on the merits, ... the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473 (2000). Furthermore, where "the district court denies a habeas petition on procedural grounds without reaching the

prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (emphasis added) (*citing Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Thus, when a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist cannot conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. *Id.* at 484-485.

Petitioner seeks a certificate of appealability on this Court's dismissal of his motion as untimely. He contends that his sentencing is governed by *Apprendi v. New Jersey*, 530 U.S. 466 (2000), not *United States v. Booker*, 160 L. Ed. 2d 621, 125 S. Ct. 738 (2005). Therefore, Petitioner contends, the Sixth Circuit's holding in *Humpress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005) establishing that *Booker* does not apply retroactively to cases already final but challenged on collateral review is not applicable to his situation. Petitioner's argument is without merit.

Plaintiff correctly states that *Blakely v. Washington*, 159 L. Ed. 2d 403, 124 S. Ct. 2531 (2004) applied the rule of *Apprendi*, and *Booker* found that *Blakely* applied to the Federal Sentencing Guidelines. *See* Pet. Mo. Cert. of Appealability at p. 3. However, *Booker* is the controlling decision that impacted the Federal Sentencing Guidelines, and is the case controlling Petitioner's motion. In *Humpress*, the Sixth Circuit held that the *Booker* rule was a new rule, and would not be applied retroactively. *Humpress*, 398 F.3d at 861. Indeed, the Supreme Court held that *Booker* applies to cases on direct

review. *Booker*, 125 S. Ct. at 769. Petitioner's challenge is not on direct review.

Interestingly, even if *Apprendi* controlled Petitioner's motion, his request would be untimely. *Apprendi* was handed down by the Supreme Court in 2000. Petitioner was sentenced by this Court in 2003, and his sentence became final on January 31, 2004. Petitioner challenged his sentence on August 3, 2004. While it may be true that Petitioner "waited to file his initial § 2255 until such time as he had law supportive of his issue," such reasoning does not provided an exemption from the statutory limitation filing deadline.

Therefore, the Court finds that jurists of reason would not find it debatable whether this Court was correct in its procedural ruling regarding Petitioner's challenge to his sentence. Petitioner's motion for a certificate of appealability is DENIED.

**IT IS SO ORDERED.**

**S/Victoria A. Roberts**
**Victoria A. Roberts**
**United States District Judge**

**Dated:  May 18, 2005**

**The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on May 18, 2005.**

**s/Carol A. Pinegar**
**Deputy Clerk**